UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                MEMORANDUM & ORDER

     v.                                03-CR-1382 (NGG)

ANTHONY URSO, et. al.,

          Defendants
----------------------------------------------------------X

GARAUFIS, United States District Judge.

This Memorandum and Order will address the Government's motion to empanel an anonymous and partially sequestered jury for the upcoming trial in this case. The Government requests (a) that the identities of all prospective jurors, including names, addresses, and places of employment, be concealed from all parties and their attorneys; and (b) that from the time each juror is empaneled until the conclusion of the trial, the jurors be escorted by representatives of the United States Marshals Service to and from the courthouse each day and at all times during recesses. Because I find that empaneling an anonymous and partially sequestered jury is necessary to protect the interests of the public and the jurors, and that doing so will not prejudice the Defendants' interests in conducting a meaningful *voir dire* or in maintaining a presumption of innocence, the Government's motion is GRANTED.

Discussion

The Second Circuit has upheld the use of an anonymous jury where "first, [there is] strong reason to believe that the jury needs protection and, second, reasonable precaution is taken to minimize the effect that such a decision might have on the jurors' opinions of the defendants." United States v. Amuso, 21 F.3d 1251, 1264 (2d Cir. 1994) (internal citations omitted).

Nonetheless, the Circuit has warned that, "[t]he invocation of the words 'organized crime,' 'mob,' or 'Mafia,' unless there is something more, does not warrant an anonymous jury." United States v. Vario, 943 F.2d 236, 241 (2d Cir. 1991). Furthermore, "the empaneling of an anonymous jury and its potential impact on the constitutionality of a trial must receive close judicial scrutiny and be evaluated in the light of reason, principle and common sense." Id. at 239 (internal citations omitted).

　　1. Need for protection

　　The Government urges that an anonymous and partially sequestered jury is warranted in this trial because all defendants are charged with at least one murder racketeering act, all are alleged to be members of the Bonanno organized crime family ("OCF"), which has a history of obstruction of justice, and that two of the defendants are accused of having murdered a co-conspirator suspected of cooperating with the government. (Gov't Mem. Law Supp. Mot. Anon. Jury ("Gov't Mem."), at 1-8.) The Defendants respond that an anonymous and partially sequestered jury compromises their right to a jury trial that no neutral explanation can overcome. (See, e.g., Diarmuid White Ltr., dated Feb. 23, 2006.)

　　In the current superseding indictment (S-1), Baldassare Amato ("Amato"), Anthony Basile ("Basile"), and Stephen LoCurto ("LoCurto") are alleged to have been, at various points, captains, soldiers in and/or associates of the Bonanno OCF. (Indictment S-1 ¶ 8; Gov't Mem., at 2-3.) It is undisputed that the Bonanno OCF has a long history of acts of intimidation and violence against those who would cooperate with the government, including, *inter alia*, a co-conspirator indicted in this trial (who later pleaded guilty) who was quoted by a newspaper as advocating the killing of families of co-conspirators who offer evidence against Bonanno OCF

2

members, and the murder of four co-conspirators because of suspected cooperation with the Government. (Gov't Mem., at 4-7.) The Government also alleges that the Bonanno OCF attempted to obstruct a prior related trial, United States v. Massino, 02-CR-307 (E.D.N.Y.) (Garaufis, J.), by tampering with an individual in the jury pool. (Gov't Mem., at 7.)

All Defendants are accused by the Government of being involved in at least one murder. Amato is charged in a racketeering conspiracy with two predicate acts involving murder and murder conspiracy, one predicate act involving an armed robbery, and two predicate acts and three substantive counts involving illegal gambling. (Gov't Mem., at 3 (citing Indictment S-1).) Basile is charged in a racketeering conspiracy with two predicate acts involving murder and murder conspiracy, one narcotics trafficking predicate act, and one loansharking predicate act. (Id.) LoCurto is charged in a racketeering conspiracy with one predicate act involving murder, two predicate acts involving drug trafficking, and a predicate act involving extortion. (Gov't Ltr. Reply Mot. Anon. Jury, dated Feb. 21, 2006, at 1.) Predicate act thirty-three alleges that Amato and Basile conspired to murder and murdered Robert Perrino because of suspicion that Perrino would cooperate in a state investigation of the Bonanno OCF. (Gov't Mem., at 7-8; Indictment S-1 ¶¶ 84-86.) These allegations and evidence point to a willingness to interfere with the judicial process.

Recently, this court has had occasion to consider the same motion in a related case, United States v. Basciano, 03-CR-929, slip op. (E.D.N.Y. Nov. 17, 2005), and I ordered an anonymous and semi-sequestered jury for reasons that are quite similar to the ones raised in the instant motion. Just as in United States v. Basciano, in which this court found that the serious allegations in that case, including allegations that one of the defendants tried to tamper with a

3

government witness, warranted an anonymous and partially sequestered jury, id. at 5, in the instant motion, the serious nature of the charges, the dangerousness of the defendants, and the history of alleged obstruction of justice by Defendants and the Bonanno OCF demonstrate the need for an anonymous and partially sequestered jury.

For these reasons, I find that the Government has shown strong allegations that the Defendants have a history of obstruction of justice, and that the trial evidence will depict a pattern of violence that could cause a juror to reasonably fear for his or her own safety. As a result, the public interest in a fair trial will be best served by empaneling an anonymous and partially sequestered jury.

2. Reasonable precautions

Despite these clear indications that an anonymous jury is warranted, I take very seriously the Defendants' constitutional rights to a fair trial and an impartial jury. As Judge Glasser described in United States v. Bellomo, 263 F.Supp.2d 557, 559 (E.D.N.Y. 2003), it is important "that a balance be struck between the government's interest in the integrity of the judicial process and the defendant's interest in preserving and safeguarding the presumption of innocence." To implement a fair balance, reasonable precautions must be taken to minimize any potential prejudice, particularly with respect to Defendants' right to a meaningful *voir dire* and Defendants' right to maintain a presumption of innocence. See United States v. Amuso, 21 F.3d at 1264.

I shall now explain the steps the court will take to protect the Defendants' right to a meaningful *voir dire*. The court will give each potential juror an extensive written questionnaire, developed with input from government and defense attorneys. Both parties will be able to

examine the answers to these questionnaires. Furthermore, each prospective juror will be questioned in person by the court, after consultation with counsel, to uncover any potential bias. The protected information, i.e. name, address, and place of employment, will not add significant relevant pedigree information not already available through the written questionnaire and verbal questioning. Therefore, this process will ensure that each Defendant has a meaningful opportunity to conduct *voir dire* and make informed choices during jury selection. See United States v. Barnes, 604 F.2d 121, 140 (2d Cir. 1979) ("As long as a defendant's substantial rights are protected by a voir dire designed to uncover bias as to issues in the cases and as to the defendant himself, then reasonable limitations on the questioning should not be disturbed on appeal.")

In order to protect Defendants from being tried by a jury that is prejudiced as to the guilt or violent nature of the Defendants, prospective jurors will be given a neutral explanation for the security measures. I will instruct the prospective jurors that the reason for their anonymity and partial sequestration is to maintain their personal privacy and their ability to render a fair verdict in light of the media and public attention that this trial is likely to receive. I will also instruct the jurors that transportation is being provided to protect their privacy and to ensure a timely start to each day of what promises to be a long trial. I find that these explanations are both plausible and nonprejudicial.[1] See United States v. Aulicino, 44 F.3d 1102, 1116 (2d Cir. 1995).

---

[1] I note for the record the objections of defense counsel for Amato and LoCurto, who urge that the jury will infer, contrary to court explanations, that the jury is anonymous and is receiving U.S. Marshal protection because of the dangerousness of Defendants; I also note this court's general preference for a non-anonymous and a non-sequestered jury. However, the prejudice to Defendants of this possible, impermissible inference by the jury is overcome by the specific facts of this case, which includes allegations of murder in order to obstruct justice. Furthermore, I reject defense counsel's suggestion that these precautions are not reasonably

Conclusion

I believe an anonymous and partially sequestered jury will ensure that the Defendants receive a fair trial and that a verdict is reached based on the evidence, rather than on fear, intimidation or misinformation. I therefore GRANT the Government's motion to empanel an anonymous and partially sequestered jury.

SO ORDERED.

Dated: May 2, 2006  
Brooklyn, N.Y.

\_\_/s/_____  
Nicholas G. Garaufis  
United States District Judge

---

effective in insulating the jury from tampering. On balance, I find that the prejudice caused to Defendants is subordinate to the right of the Government to present its case with a reasonable certainty of an untampered jury, and this court's interest in the regulation of its courtroom without illegal interference.