```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,
                                                              MEMORANDUM & ORDER
        v.                                                    03-CR-1382 (NGG)

BALDASSARE AMATO,
STEPHEN LOCURTO, and
ANTHONY BASILE,

                Defendants.
-----------------------------------------------------X
```

GARAUFIS, United States District Judge.

This Memorandum and Order ("M&O") shall address all unresolved and fully briefed motions pending before this court.

First, the Government moves *in limine* to preclude (1) the cross-examination of FBI special agent Carrillo; (2) reference to notes made by Joseph Massino during trial preparation; (3) references to Massino's cooperation agreement with the Government; (4) allegations about FBI special agent DeVecchio; (5) and references to defendant Locurto's state court acquittal. The Government's motion is granted in all respects.

Next, the Government moves *in limine* to admit five specific acts allegedly committed by defendant Anthony Basile that it contends are admissible as direct evidence of the Bonanno racketeering conspiracy, and, alternatively pursuant to Federal Rule of Evidence 404(b). Specifically, the Government seeks to admit evidence of Basile's involvement in (1) an attempted murder of Sal "Fat Sally" Mangiviallano; (2) felony-murder of an armoured truck driver; (3) murders committed with Thomas Pitera; (4) cocaine distribution; and (5) bookmaking. (Gov't Mem. Supp. Mot. Admit, at 3-5.). For the reasons stated herein, I grant the Government's

1

motion to admit evidence regarding the attempted murder of Sal "Fat Sally" Mangiviallano, murders committed with Thomas Pitera, cocaine distribution, and bookmaking, but deny the Government's motion to admit evidence of Basile's involvement in the felony-murder of an armoured truck driver.

Defendant Baldasare Amato moves to preclude statements made to Salvatore Vitale by Joseph Massino regarding the DeFalco murder. I deny this motion, but grant leave to defendants to raise hearsay objections during the direct examination of Salvatore Vitale.

Knowledge of the factual background of these motions is presumed.

I.  **GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE**

A.  **Cross-Examination of FBI Special Agent Carillo**

The Government moves to preclude cross-examination of FBI special agent Carrillo "regarding the specifics of murders as to which Carillo is not knowledgeable, on the grounds of lack of foundation." (Gov't Mem. Supp. Mot. Preclude ("Gov't Mot. Preclude"), at 2.) Defendant Locurto objects to this motion (see Locurto Ltr. Br., dated May 25, 2006, at 1); Amato does not oppose this motion (see Amato Ltr. Br., dated May 25, 2006, at 1); defendant Basile has not responded to it. In the related case of United States v. Basciano, 03-Cr.-929 (E.D.N.Y.) (NGG), I found impermissible a line of cross-examination that sought to refresh FBI special agent Carillo regarding murders without providing the foundation that Carillo had knowledge of the murders. (Basciano Tr. at 2359; Gov't Mot. Preclude, at 2-3.) The Federal Rules of Evidence require a foundation that the witness at one time "had knowledge of the fact as to which his recollection is to be refreshed" before the witness can have that recollection refreshed. United States v. Maldonado-Rivera, 922 F.2d 934, 976 (2d Cir. 1990) (internal citations

omitted); see also Fed. R. Evid. 612, 803(5). I adhere to this ruling, and will preclude the refreshing of Carillo on defense's cross-examination without having laid a proper foundation.

**B.     Notes Made by Joseph Massino During Trial Preparation**

The Government has moved *in limine* to preclude reference to copies of F.B.I. 302 reports that have handwritten notes by Joseph Massino on them. (Gov't Mot. Preclude, at 4-5). The Government argues that the notes are hearsay under Federal Rule of Evidence 802. (Id. at 4.) Both Amato and Locurto have expressed their intention to refrain from referring to such notes. (Amato Ltr. Br., dated May 25, 2006, at 1; Locurto Ltr. Br., dated May 25, 2006, at 2.)

The Federal Rules of Evidence preclude the admission of out of court statements offered to prove the truth of the matter asserted. Fed. R. Evid. 801, 802. I find that Joseph Massino's handwritten notes on F.B.I. 302 reports constitute such out of court statements are therefore precluded by Rules 801 and 802. The Government's motion is granted.

**C.     Joseph Massino's Cooperation Agreement with the Government**

The Government seeks to preclude reference to Joseph Massino's cooperation with the Government. (Gov't Mot. Preclude, at 5-6.) Amato and Locurto respond with their intention not to offer Joseph Massino's cooperation agreement but reserving on the question of the fact of Massino's cooperation (Amato Ltr. Br., dated May 25, 2006, at 1-2; LoCurto Ltr. Br., dated May 25, 2006, at 2). Massino's cooperation agreement is inadmissible hearsay if it is offered to prove the truth of the fact that Massino is a cooperating witness. (Federal Rule of Evidence 801 (d)(1); see also United States v. Cardascia, 915 F.2d 474, 487 (2d Cir. 1991) (holding a resignation letter to be inadmissible hearsay because, "[u]nlike a legally operative statement . . . [its] significance does not lie solely in the fact that it was made[, but rather] the letter was sought to be introduced

3

to prove the matter asserted, that is, Martolrelli resigned as assistant vice-president of the bank. . . .").  I note that I do not find any hearsay exceptions to be applicable.

As to the fact of Massino's cooperation, the parties have not offered any argument as to the cooperation's relevance in this trial.  I therefore grant the Government's motion to preclude mention of the fact of Massino's cooperation at trial under Federal Rule of Evidence 401.

**D.      Allegations Regarding FBI Special Agent DeVecchio**

The Government moves to preclude the defense from referencing the recent indictment of Lindley DeVecchio, former supervisor of the FBI's Bonanno organized crime squad.  (Gov't Mot. Preclude, at 8.)  DeVecchio was indicted by a Brooklyn state grand jury on charges relating to his alleged provision of confidential information to a member of the Colombia organized crime family.  (Id.)  Amato responds that it is not his intention to refer to any allegations against Special Agent DeVecchio.  (Amato Ltr. Br., dated May 25, 2006, at 3.)  Locurto responds that he "[w]ill [n]ot [i]ntend to [r]efer to [a]llegations [a]gainst [f]ormer F.B.I. Agent DelVechio (sic) [e]xcept to [n]ote [t]hat the [p]rosecution is being [b]rought by State [a]uthorities [n]ot the [o]ffice [w]ho [e]mbraced [h]is '[s]tyle' of [i]nvestigation."  (Locurto Ltr. Br., at 2.)

The court interprets Locurto's notation to be for the purposes of this briefing, and not an explanation of his intention to refer to such facts in open court.  The court finds that since DeVecchio is not a witness in this case and the allegations are not connected to his work with the F.B.I.'s Bonanno squad, any such reference would be irrelevant and inadmissible under Federal Rule of Evidence 401.  I hereby grant the Government's motion.

**E.      Defendant Locurto's State Court Acquittal**

In 1986, Locurto was arrested and tried on state charges concerning the murder of Joseph

4

Platia. Locurto was acquitted of the murder charges at trial. The Platia murder is charged in the present indictment as a predicate act of the racketeering conspiracy charge, and the Government now moves to preclude reference at trial to Locurto's prior state court acquittal. (Gov't Mot. Preclude, at 9.)

The court finds that evidence of Locurto's acquittal is irrelevant in the instant case, and, in any event is inadmissible hearsay. The precedent of this circuit makes clear that evidence of a prior acquittal is relevant only to the question of whether the prosecution is barred by the double jeopardy or collateral estoppel doctrines. "But once it is determined that [double jeopardy and collateral estoppel bars] have been rejected, a judgment of acquittal is not usually admissible to rebut inferences that may be drawn from the evidence that was admitted." United States v. Viserto, 596 F.2d 531, 537 (2d Cir. 1979); see also United States v. Gambino, 818 F. Supp. 536, 539 (E.D.N.Y. 1993) (Glasser, J.). In the instant matter, it has already been decided that there is no double jeopardy or collateral estoppel bar to the Governement's prosecution of the Platia murder. Thus, Viserto controls, and evidence of Locurto's prior acquittal is inadmissible because it fails the relevancy requirement of Fed. R. Evid. 401.

I note as well, that a judgment of acquittal is also hearsay evidence. Viserto, 596 F.2d at 537 ("The Federal Rules of Evidence except from the operation of the hearsay rule only judgments of conviction, not judgments of acquittal.") (citing Fed. R. Evid. 803(22)). And further, "even if such evidence had any evidentiary value, the danger it would present for confusion of the issues and misleading the jury substantially outweighs its probative worth. Gambino, 818 F. Supp. at 539.

Therefore, for the above-mentioned reasons, the Government's motion to preclude

references to Locurto's prior state court acquittal on murder charges relating to the Platia murder is granted. I remind the Government that in its motion papers, it proffered that if the acquittal evidence is precluded, it would "not elicit certain evidence concerning the reasons for the state acquittal, including, among other evidence, (1) possible jury tampering and (2) perjury by defendant Locurto." (Gov't Mot. Preclude, at 10 n. 2.) The court expects that the Government will adhere to this proffer at trial.

## II. GOVERNMENT'S MOTION IN LIMINE TO ADMIT 'OTHER ACTS'

### A. Standard of Review of 'Other Act' Evidence

Evidence must be "relevant to some disputed issue in the trial." See United States v. Figueroa, 618 F.2d 934, 939 (2d Cir. 1980). The first question that the court must address in considering the Government's motion is whether the evidence meets the Rule 401 "threshold relevancy requirement" as direct evidence of the racketeering conspiracy. United States v. Quattrone, 441 F.3d 153, 185 (2d Cir. 2006). Count One of the Indictment, which charges Basile with racketeering conspiracy, requires the Government to prove (1) the existence of the Bonanno organized crime family ("OCF"); (2) that the Bonanno OCF enterprise was engaged in interstate commerce; (3) that Basile was associated with the enterprise; and (4) that Basile agreed to participate in the conduct of the affairs of the enterprise through a pattern of racketeering activities. (See Indictment (S-1) ¶¶ 1-32.) As a racketeering act of the charged conspiracy, Basile is alleged to have participated in the murder of Robert Perrino, and to have distributed marijuana with Fred Puglisi in the furtherance of the Bonanno OCF. (See id. ¶ 21, 25-27; Def's Mem. Opp. Gov't Mot. Admit, at 4.)

Evidence of "other" acts in the furtherance of a criminal enterprise are relevant as direct

evidence of the existence of the charged racketeering conspiracy.[1]  United States v. Baez, 349 F.3d 90, 93 (2d Cir. 2003); United States v. Concepcion, 983 F.2d 369, 392 (2d Cir. 1992); United States v. Towne, 870 F.2d 880, 886 (2d Cir. 1989) ("[E]vidence of uncharged criminal activity is not considered 'other crimes' evidence under Fed. R. Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it [is] inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime [on] trial.") (internal quotations and citation omitted).

Even if not relevant as direct evidence, uncharged acts may be admissible pursuant to Rule 404(b).  A court considering the admission of other act evidence under Rule 404(b) must follow a "well-established" three step process:

> First, the district court must determine if the evidence is offered for a proper purpose, one other than to prove the defendant's bad character or criminal propensity. If the evidence is offered for a proper purpose, the district court must next determine if the evidence is relevant to an issue in the case, and, if relevant, whether its probative value is substantially outweighed by the danger of unfair prejudice. Finally, upon request, the district court must give an appropriate limiting instruction to the jury.

United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992); see also Mickens, 926 F.2d at 1328. The Second Circuit has adopted an "inclusive" approach to Rule 404(b).  United States v. Stevens, 83 F.3d 60, 68 (2d Cir. 1998).  Evidence of other acts may be admitted for "any purpose except to show criminal propensity, unless the trial judge concludes that its probative value is substantially outweighed by its potential for unfair prejudice."  United States v Germosen, 139

---

[1] Basile initially stipulated as to the existence of the Bonanno enterprise and his association with it for over a decade.  (Basile Mem. Opp. Gov't Mot., at 3, 7 & n.4.)  See United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992) (Where a defense does not contest an element of an offense, the Government may not use evidence to show that element.)  However, Basile now withdraws that stipulation.  (Basile Ltr. to the Court, dated May 22, 2006.)

F.3d 120, 127 (2d Cir. 1998) (internal quotation and citation omitted). A "non-exhaustive list of purposes for which other act or crime evidence may be admitted include[s] proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." United States v. Levy, 731 F.2d 997, 1002 (2d Cir. 1984).

This court must also decide whether the alleged act is admissible under Rule 403, i.e. that the probative weight of the evidence is not "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. In a Rule 403 analysis, the trial judge has "broad discretion to weigh the probative value of the evidence against the negative factors." Jian An Li v. Canarozzi, 142 F.3d 83, 88 (2d Cir. 1998). If a district court concludes that the probative value of the evidence "could unduly inflame the passion of the jury, confuse the issues before the jury, or inappropriately lead the jury to convict on the basis of conduct not at issue in the trial," the court may exclude the evidence under Rule 403. Quattrone, 441 F.3d at 186.

I shall consider in turn the admissibility of each of the five acts that the Government seeks to admit.

**B.      Relevance and Admissibility of "Other Act" Evidence**

*1.      Attempted Murder of Sal "Fat Sally" Mangiviallano*

The Government alleges that in the late 1980's or early 1990's, Basile's marijuana distribution co-conspirator Fred Puglisi suspected that his home was burglarized by Sal "Fat Sally" Mangiviallano, and solicited Basile and Robert Lino, Jr. to murder Mangiviallano. The Government alleges that Puglisi, Basile, and Robert Lino, Jr. discussed the conspiracy with Frank

8

Lino, and unsuccessfully shot at Mangiviallano at his place of business. (Gov't Mem. Supp. Mot. Admit, at 3.) The Government argues that this act is part of the Bonnano conspiracy, as Puglisi, a Bonanno associate, enlisted other Bonanno members and associates to retaliate against Mangiviallano. Thus, according to the Government, this is strong evidence of and completes the story of Basile's marijuana distribution with Puglisi as part of their association with the Bonanno family. (Id. at 13.)

I find that this alleged act is relevant to show the existence of the Bonanno OCF, Basile's association with the Bonanno OCF, and Basile's relationship with Puglisi, and that it completes the story of Basile's relationship with Puglisi in connection with the Bonanno OCF. Furthermore, to the extent that Frank Lino is offered as a witness, this act is relevant to corroborate his testimony. See United States v. Williams, 205 F.3d 23 (2d Cir. 2000); United States v. Everett, 825 F.2d 658, 660 (2d Cir. 1987) (other crimes evidence "has been consistently held admissible" to corroborate testimony of cooperating witnesses who testify of their own involvement in these crimes). Basile's contention that this act is not probative of the Government's argument that Basile's marijuana dealings with Puglisi were Bonanno-related (Def's Mem. Opp. Mot. Admit, at 3-4) is without merit, because the Government proffers that this alleged act was coordinated among other members of the Bonanno OCF. (Gov't Mem. Supp. Mot. Admit, at 3.) Furthermore, as Basile alleges that "the marijuana conspiracy . . . [with Puglisi was] not in connection with the Bonanno organization," (Def's Mem. Opp. Mot. Admit, at 4), I find this evidence to be highly probative of whether Basile's relationship with Puglisi was in the furtherance of the Bonanno OCF.

I also do not find that the probative value of this evidence is substantially outweighed by

unfair prejudice. The act in question is not likely to confuse or mislead the jury, as Basile is only charged with one count of racketeering conspiracy, with three distinct racketeering acts, none of which allege attempted murder. Further, I do not believe this evidence will inflame the jury's passions, because Basile is alleged to have participated in the Perrino murder. (See Gov't Reply Mem. Supp. Mot. Admit, at 3.) Accordingly, I find this evidence highly probative, and not substantially outweighed by unfair prejudice to Basile.

### 2. *Felony-Murder of Armoured Truck Driver*

Next, the Government proffers that on or around January 9, 1992, Basile reported to Bonanno OCF crew leader Frank Lino his involvement in a failed armoured truck robbery in which a truck employee was shot and killed. Basile allegedly asked Lino to find a safehouse for the shooter. (Gov't Mem. Supp. Mot. Admit, at 4.)

I find that this evidence is of low probative value, and is substantially outweighed by unfair prejudice to Basile. The Government urges that this evidence is relevant as direct evidence to show Basile's authority and trust within the Bonanno OCF before the Perrino murder. (Gov't Mem. Supp. Mot. Admit, at 12; Gov't Reply Mem. Supp. Mot. Admit, at 4.) I disagree. While this evidence shows that Basile trusted Lino sufficiently to disclose a felony-murder, it is not probative of Lino's trust of Basile, or Basile's authority within Lino's crew. As this alleged act is not proffered to have been committed in the furtherance of the Bonanno OCF, it is not direct evidence of the racketeering conspiracy, and I shall analyze this evidence under Rule 404(b). Evidence that Basile would approach Lino for assistance in facilitating a felony murder is probative of their relationship, and that Basile was associated with Lino in the furtherance of criminal activity. This evidence therefore "completes the story" of the nature of

10

Basile's relationship with Lino. However, the probative value of this evidence is low, because Lino is not alleged to have actually assisted Basile with this act.

Moreover, the probative value of this evidence is substantially outweighed by the unfair prejudice to Basile. This alleged act is confusing and potentially misleading to the jury, as it involves the search for a "safe" location for the disposal of a murder victim, which is very similar to Basile's alleged role in the Perrino murder. Furthermore, admission of this evidence to show Basile's relationship with Lino would be cumulative, as the Government has a great deal of evidence demonstrating this relationship. Lastly, this evidence is likely to inflame the jury because it involves the serious charge of murder.

I therefore find the alleged felony-murder of an armoured truck driver to be of low probative value and substantially outweighed by the possibility of unfair prejudice to Basile.

### 3. *Murders Committed with Thomas Pitera*

The Government next alleges that prior to placement in the Lino crew, Basile was associated with Bonanno OCF soldier Thomas Pitera, who is serving several life sentences for Bonanno-related murders, and that Basile participated in murders with Pitera. (Gov't Mem. Supp. Mot. Admit, at 4.) The Government urges that evidence of these murders is relevant to show the existence of the racketeering conspiracy, Basile's long-standing association in the Bonanno family, and a trusted relationship regarding murder which pre-dates the Perrino murder. (Id. at 12.)

I find that this evidence is highly probative of the existence of the Bonanno OCF, that the Bonanno OCF engaged in illegal activities, Basile's association with the Bonanno OCF, and Basile's involvement in a pattern of racketeering activity in the furtherance of the Bonanno OCF.

Furthermore, I find this evidence probative of Basile's trust and authority within the Bonanno OCF before the Perrino murder.

Basile primarily disputes the admissibility of the evidence on hearsay grounds, arguing that in order to admit a co-conspirator statement, the statement must be made "(a) during the course of and (b) in furtherance of the conspiracy." (Basile Sur-Reply Ltr. Br., at 1-2.) At this time, I decline to address Basile's potential hearsay objections to the proposed evidence because the objections are premature. This court is not aware of the precise evidence sought to be admitted, or the theories of admissibility. Basile further argues that it is not plausible that Basile "as a teenager, could have been involved in such an extraordinary capacity." (Basile Mem. Opp. Mot. Admit, at 8; Basile Sur-Reply Ltr. Br., at 1-2.) While Basile obviously raised this issue to dispute the reliability of this evidence, this point demonstrates the probative value of the evidence: that Basile would be involved in murders on behalf of the Bonanno OCF at such a young age is highly probative of whether he had a position of authority and trust within the organization to be involved in the subsequent Perrino murder. This evidence is therefore highly probative.

In light of the high probative value of this evidence, its relevance is not substantially outweighed by unfair prejudice. While the proffered evidence involves murder, a serious crime, Basile is charged with a racketeering act of murder, and this "other act" evidence is therefore not disproportional with the charged allegations. Also, these acts are not likely to confuse or mislead the jury because they are distinct from the charged acts. Accordingly, I find this evidence to be relevant and admissible under Rules 401 and 403.

*4.     Cocaine Distribution*

The Government alleges that Basile sold cocaine in addition to marijuana in his association with the Bonnano family, and distributed cocaine for recreational use at Bonanno functions to "curry favor" with the Bonanno OCF. (Gov't Mem. Supp. Mot. Admit, at 4.) The Government argues that this "other act" evidence shows the existence of the Bonanno OCF, Basile's association with the Bonanno OCF "under the auspices of the Bonanno family captain Frank Lino," and his desire to gain higher standing within the organization. (Id. at 12.) I agree with the Government that this evidence is relevant, direct evidence of the elements of the racketeering conspiracy. This evidence is highly probative of the existence of the Bonanno OCF enterprise, that it engaged in interstate commerce, and that Basile associated with the Bonanno OCF through a pattern of illegal activities. Furthermore, evidence that Basile distributed cocaine as a form of tribute to Bonanno OCF members shows his aspirations within the organization, and will corroborate Frank Lino's testimony.

Basile responds that he was charged with cocaine distribution in 1992, and the charge was dismissed. (Basile Mem. Opp. Gov't Mot. Admit, at 9.) However, Basile's argument seeks to undermine the strength of the evidence offered by the Government, not the admissibility of the evidence, or its relevance, and is thus meritless.

I also find that the relevance of the proffered evidence is not substantially outweighed by unfair prejudice. The likelihood that this evidence will confuse or mislead the jury is low, because Basile is not charged with cocaine distribution. Furthermore, this alleged act is no more serious than the acts that Basile is charged with committing. This evidence is therefore admissible.

### 5. *Bookmaking*

Lastly, the Government alleges that Basile started a sports betting operation as a part of Lino's crew, which faltered after Basile had a conflict with a Genovese associate over a bet, a conflict that was later "settled" between the two families. (Gov't Mem. Supp. Mot. Admit, at 5.) The Government argues that this act is relevant to show the existence of the enterprise, Basile's association with the enterprise "under the protection of Frank Lino," and Basile's valued association with the enterprise. (Id. at 13.)

I agree with the Government that this evidence is relevant as direct evidence to show the existence of the enterprise, Basile's association with the Bonanno OCF, and Basile's involvement in a pattern of racketeering activity in the furtherance of the enterprise. As stated supra, to the extent that Frank Lino testifies to this act, it is relevant to corroborate his testimony. The probative value of this evidence is not substantially outweighed by unfair prejudice, because it alleges a crime that is no more serious than the ones charged in the indictment, and this evidence is unlikely to confuse or mislead the jury because Basile is not charged with bookmaking. I therefore find that this evidence is relevant and admissible under Rules 401 and 403.

### III. AMATO'S MOTION TO PRECLUDE MASSINO STATEMENTS TO VITALE

Lastly, defendant Amato moves pursuant to Fed. R. Evid. 403 and 605, and the Confrontation Clause to preclude reference to statements made by Joseph Massino to Salvatore Vitale regarding the DiFalco murder, on the ground that the statements constitute "idle chatter" and therefore fall outside the co-conspirator exception to the hearsay rule. (See Amato Ltr. Br., dated May 17, 2006, at 5 (citing United States v. Gigante, 166 F.3d 75, 82 (2d Cir. 1999).) The

Government responds that this evidence is admissible because these co-conspirator statements addressed the "progress or status" of the members' activities. (Gov't Reply Mem. Opp. Amato Mot., at 11 (quoting United States v. Russo, 302 F.3d 37, 46 (2d Cir. 2002).)

As a threshold issue, I find that this statement is relevant under Rule 401, because the evidence is probative of the racketeering conspiracy, and Amato's involvement in the DiFalco murder. The probative value of this evidence is not substantially outweighed by unfair prejudice to defendant Amato under Rule 403, because Amato is charged with the DiFalco murder, and evidence regarding this charged racketeering act will not confuse or mislead the jury, or unduly inflame the jury's passions. To the extent that Amato's motion argues otherwise, his motion is denied. The statement is therefore admissible unless it is found to be inadmissible hearsay. To the extent that Amato's motion seeks to preclude this testimony on hearsay grounds, I deny this motion as premature until the direct examination of Salvatore Vitale.

**IV.     CONCLUSION**

The Government's motion *in limine* to preclude is GRANTED in all respects.  The Government's motion *in limine* to admit evidence as to Basile is GRANTED in part and DENIED in part.  The Government is permitted to admit "other act" evidence of the attempted murder of Sal "Fat Sally" Mangiviallano, murders committed with Thomas Pitera, cocaine distribution, and bookmaking, but may not admit evidence of Basile's involvement in the felony-murder of an armoured truck driver.  Finally, defendant Amato's motion to preclude testimony is DENIED.

SO ORDERED.

Dated: May 26, 2006  
      Brooklyn, N.Y.

_____/s/_____  
Nicholas G. Garaufis  
United States District Judge