UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

                                <u>MEMORANDUM & ORDER</u>

      v.                                 03-CR-1382 (NGG)

BALDASSARE AMATO, et al.,

               Defendants.
-------------------------------------------------------X

GARAUFIS, United States District Judge.

      This Memorandum and Order ("M&O") shall address two objections made to and a

motion to reconsider a ruling regarding coconspirator statements that this court ruled admissible

pursuant to Fed. R. Evid. 801(d)(2).

      On June 1, 2006, Baldassare Amato ("Amato") objected on Confrontation Clause and

Due Process Clause grounds to my ruling that witness Salvatore Vitale's inculpatory

coconspirator statements regarding defendant Amato were admissible. (Trial Transcript of June

1, 2006, at 473.) In a ruling made at side-bar on May 31, 2006, over defendant's objection, I

found this statement to be admissible as a coconspirator statement pursuant to Fed. R. Evid.

801(d)(2). (Trial Transcript of May 31, 2006, at 386-88.) To the extent that Amato moves for

reconsideration of this ruling on Confrontation Clause and Due Process grounds, I deny his

motion because the statement is non-testimonial, and Amato has provided no authority

supporting the view that his due process rights were violated by the admission of this testimony.

      On June 6, 2006, defense counsel to defendant Anthony Basile ("Basile") objected to the

admissibility of testimony by witness Joseph D'Amico ("D'Amico") that Robert Lino, Jr.

"proposed" Basile, i.e. Lino proposed to the Bonanno organized crime family leadership that Basile be promoted to membership status within the organization. (Trial Transcript of June 6, 2006 ("June 6 Trial Tr."), at 869-71.) I also overruled that objection, finding the statement to be a coconspirator statement. (Id. at 871.)

In this M&O, this court will address Amato's motion to reconsider and Basile's objection, and shall articulate the reasons why the court ruled to admit the testimony in the first instance. Knowledge of the factual background of these motions is presumed.

I.     DISCUSSION

A.     **Admissibility of Coconspirator Statements**

Before allowing a jury to consider a coconspirator statement, the trial court must determine whether the government has shown by a preponderance of the evidence the four elements of (1) a conspiracy, (2) the declarant and defendant belonged to the conspiracy, and that the statement was made (3) in the course of and (4) in furtherance of the conspiracy. Fed. R. Evid. 104(a), 801(d)(2); Bourjaily v. United States, 483 U.S. 171, 181 (1989).

In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court held that certain 'testimonial' statements admitted against a defendant without that defendant's ability to cross-examine the declarant would constitute a violation of the Confrontation Clause. One category of inadmissible testimonial statements are those "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." Id. at 52.

B.     **Coconspirator Statement Regarding Amato**

On May 31, 2006, witness Salvatore Vitale ("Vitale") testified that admitted Bonanno

organized crime family boss Joseph Massino told him that the defendant Amato murdered

DiFalco. (Trial Transcript of May 31, 2006, at 383-85, 412-14.) I found that the Government

established these four prerequisites. There is ample evidence of the existence of the Bonanno

crime family; that Massino and Amato were members of the conspiracy; and that the statement at

issue was made during the course of the conspiracy. Further, the statement was made in

furtherance of the conspiracy because the statement "promoted[] or was intended to promote[]

the goals of the conspiracy." United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1199

(2d Cir. 1989). Far from "idle chatter" as the defense contends, the government has shown by a

preponderance of the evidence that the statement was made between the admitted boss and

another admitted high-ranking member of the Bonanno crime family to update each other on

another member's activities that were in the furtherance of the conspiracy. As such, it is

admissible under Rule 801(d)(2) as a statement between coconspirators to maintain the

cohesiveness of the conspiracy, and to inform each other of the current status of the conspiracy in

order to further the ends of the conspiracy. See United States v. McKay, 431 F.3d 1085, 1093-94

(8th Cir. 2005); United States v. Gomez, 810 F.2d 947, 953 (10th Cir. 1987); United States v.

Ammar, 714 F.2d 238, 252 (3rd Cir. 1983).

Amato next urges that admitting this portion of Vitale's testimony would violate Amato's

rights under the Confrontation Clause. However, this statement is not testimonial because it was

not "made under circumstances which would lead an objective witness reasonably to believe that

the statement would be available for use at a later trial." Crawford, 541 U.S. at 52. Inasmuch as

the statement offered by the government was made between coconspirators outside of the

presence of law enforcement or other government officials, and was made in the course of and

3

furtherance of the conspiracy, the statement is not testimonial under <u>Crawford</u>.  <u>See</u> <u>United States</u>

<u>v. Stewart</u>, 433 F.3d 273, 291-93 (2d Cir. 2006); <u>United States v. Reyes</u>, 362 F.3d 536, 540-41

(8th Cir. 2004).

Moreover, defense counsel's position that Amato is unable to cross-examine the declarant

of this statement is belied by the fact that the Government has offered to make Joseph Massino

available to testify upon defendants' request.

Lastly, although Amato objects to the statement on due process grounds, he has not

offered any authority, and this court is not aware of any, that supports his argument that his due

process rights are implicated by the admission of this statement.

This statement is therefore admissible as a coconspirator statement, and its admission

does not violate Amato's constitutional rights.

## C.    Coconspirator Statement Regarding Basile

On June 6, 2006, witness D'Amico testified that Frank Lino told him that he was going to

propose to the Bonanno crime family organization that Basile "be made a member of the

Bonanno Organized Crime Family."  (June 6 Trial Tr., at 968.)

For the reasons stated <u>supra</u>, the Government has shown by a preponderance of the

evidence the existence of the Bonanno organized crime family as an enterprise, that Lino and

Basile were coconspirators in the enterprise,[1] and that the statement was made in the course of

the enterprise.  This statement was also in the furtherance of the enterprise, as a statement

between high-ranking members of the enterprise to keep abreast of the status of the conspiracy

---

[1] In addition to other evidence admitted in this trial, D'Amico testified that Basile was an 'associate' in the Bonanno organized crime family, and that he worked for Frank Lino, a 'captain' in the enterprise.  (June 6 Trial Tr., at 955-56.)

and to maintain the cohesiveness of the coconspirators. This statement is therefore a coconspirator statement within the meaning of Fed. R. Evid. 801(d)(2). See McKay, 431 F.3d at 1093-94; Gomez, 810 F.2d at 953; Ammar, 714 F.2d at 252.

Further, as this statement was made outside of the presence of law enforcement, without a reasonable expectation that the statement would be used in a future trial or government investigation, it is not a 'testimonial' statement within the meaning of Crawford. See Stewart, 433 F.3d at 291-93.

I therefore find that this statement is admissible as a coconspirator statement.

## II. CONCLUSION

Amato and Basile's objections to testimony as inadmissible hearsay are overruled. To the extent that Amato moves for this court to reconsider its May 31, 2006 ruling admitting witness Vitale's testimony as a coconspirator statement, that motion is DENIED.

SO ORDERED.

Dated: June 8, 2006          _____/s/_____
       Brooklyn, N.Y.                  Nicholas G. Garaufis
                                       United States District Judge