UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA,

                                            MEMORANDUM & ORDER

           v.                               03-CR-1382 (NGG)

BALDASSARE AMATO, et al.,

                    Defendants.
-----------------------------------------------------X

GARAUFIS, United States District Judge.

           This Memorandum and Order ("M&O") shall address a motion by the Government to

preclude testimony by Duane Leisenheimer ("Leisenheimer") on direct examination by

Baldassare Amato ("Amato"), and a motion by defendant Stephen Locurto ("Locurto") to admit

testimony by Dr. Dominick Dimaio that he provided in a state trial regarding the same murder

allegation as the instant trial.  For the reasons set forth below, both motions are DENIED.[1]

Knowledge of the factual background of these motions is presumed.

## I.    DISCUSSION

## A.    Standard of Review

           "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the

practice has developed pursuant to the district court's inherent authority to manage the course of

trials."  Luce v. United States, 469 U.S. 38, 41 n.4 (1984).  "Evidence should be excluded on a

motion *in limine* only when the evidence is clearly inadmissible on all potential grounds."

───────────────────────

[1] Locurto also moved that this court preclude cross-examination of him regarding past
misdemeanors should he choose to testify.  (Locurto Ltr. Ct., dated June 26, 2006.)  As Locurto's
counsel, Harry Batchelder, has not disclosed the nature or the circumstances of the convictions, I
reserve my decision on this motion until Mr. Batchelder provides further briefing on this issue.

1

Wechsler v. Hunt Health Sys., Ltd., 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003). A district court's ruling on a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the . . . proffer." Luce, 469 U.S. at 41.

**B.    Duane Leisenheimer**

On June 25, 2006, Diarmuid White wrote to this court, stating that he intended to call Duane Leisenheimer, in order to elicit testimony that tends to impeach the testimony of Salvatore Vitale ("Vitale"), a former high-ranking member of the Bonanno OCF who testified earlier in this trial on behalf of the Government. Mr. White states that he would call Leisenheimer "solely to testify about Vitale's directives to him, a few days before Perrino's disappearance, to obtain and place near 86th Street a stolen car, a fact which Vitale never mentioned in his direct testimony and denied on cross-examination." (Amato Ltr. Ct., dated June 25, 2006 ("Amato Ltr."), at 2.) The Government objects to this testimony on the basis that this testimony constitutes impermissible hearsay. (Trial Transcript, dated June 27, 2006, at __; see Fed. R. Evid. 801(a).) Amato urges that the testimony is not submitted for its truth, and is therefore not hearsay. (Amato Ltr., at 2 n.1.)

"Statements offered as evidence of commands or threats or rules directed to the witness, rather than for the truth of the matter asserted therein, are not hearsay." United States v. Bellomo, 176 F.3d 580, 586 (2d Cir. 1999) (citing United States v. Stratton, 779 F.2d 820, 830 (2d Cir. 1985)); cf. Quartararo v. Hanslmaier, 186 F.3d 91, 98 (2nd Cir. 1999) (A question is not an assertion and therefore is not hearsay.). In this instance, the proffered purpose of Leisenheimer's testimony is to communicate the fact that Vitale issued to him an order to place a car on a street at a particular time. Hence, the testimony is not offered for the truth of the words,

and therefore is not hearsay.  See Bellomo, 176 F.3d at 587 (Testimony of order given to

subordinate regarding rules of crime organization is not hearsay.)  The Government next argues

that to the extent that the statement itself is not hearsay, the identity of the speaker (Vitale)

should not be elicited before the jury.  This argument is also unavailing, as an identification of

the person who gives an order is not an "assertion" as understood in Fed. R. Evid. 801(a).  Id.

Consequently, both the order given by Vitale and the identification of Vitale constitute non-

hearsay under Rule 801(a).

The Government's motion is therefore denied.

**C.    Dr. Dominick Dimaio**

On June 20, 2006, Locurto moved to admit testimony from his state murder trial pursuant

to Fed. R. Evid. 804(b)(1).  (Locurto's Mem. Supp. Mot. Admit ("Locurto Mem.").)  I denied

this motion with respect to two alibi witnesses who testified on behalf of Locurto at the state trial

and who are now deceased.  (M&O, dated June 26, 2006, at 5-6.)  However, I did not rule with

respect to Dr. Dominick Dimaio ("Dimaio"), who is "a consultant forensic pathologist and

former Chief Medical Examiner for the City of New York, [who] reviewed the physical evidence

and testimony at Mr. Locurto's 1986 [state] trial."  (Locurto Mem., at 5.)  I now rule that this

evidence is inadmissible under Rule 804(b)(1).

Federal Rule of Evidence 804(b)(1) sets forth the governing standard by which prior

testimony can be admitted against a party:

> Testimony given as a witness at another hearing of the same or a different
> proceeding, or in a deposition taken in compliance with law in the course of the
> same or another proceeding, if the party against whom the testimony is now
> offered, or, in a civil action or proceeding, a predecessor in interest, had an
> opportunity and similar motive to develop the testimony by direct, cross, or

redirect examination.

Fed. R. Evid. 804(b)(1). In order to admit prior testimony under Rule 804(b)(1), the proponent

has the burden to show by the preponderance of the evidence that (1) the witness is unavailable;

(2) the party against whom the testimony is offered is the same as in the prior proceeding; and (3)

that that party had the same motive and opportunity to examine the witness. United States v.

Salerno, 505 U.S. 317, 321 (1992). "It has been well established in various contexts that the

federal government and a state government are separate sovereigns." United States v. Peterson,

100 F.3d 7, 12 (2d Cir. 1996).

As I held in my June 26, 2006 M&O regarding Locurto's motion to admit portions of the

state trial transcript, "[t]he Second Circuit in Peterson specifically held that prior testimony taken

during a state prosecution is inadmissible in a federal prosecution under the dual sovereign

doctrine." (M&O, dated June 26, 2006, at 3 (citing Peterson, 100 F.3d at 12-13).) Locurto's

motion is similarly controlled by the dual sovereign doctrine as articulated by the Second Circuit

in Peterson. As Locurto's motion is squarely foreclosed by Peterson, this motion is denied.

## III.    CONCLUSION

The Government's motion to preclude testimony by Duane Leisenheimer, and Locurto's

motion to admit testimony by Dr. Dominick Dimaio from a prior state trial are DENIED.

SO ORDERED.

Dated: June 27, 2006                         _____/s/_____
       Brooklyn, N.Y.                         Nicholas G. Garaufis
                                              United States District Judge